MRS. CHARLES LEVISTONES *v.* THOMAS R. BRADY et al.

*Although it may be true, that when creditors of the husband attack a judgment of separation, it is
incumbent on them to allege and prove that they were creditors at the time of its rendition, and
further, that it was obtained by fraud and collusion in order to defeat their recourse on the hus-
band's property, yet this must be held to apply to a case where the judgment is ostensibly valid,
and not to a case which does not appear to have dissolved the community.*

*The judgment offered in evidence was "that M. de M., wife of L., have judgment against her said
husband, decreeing a separation of property between her and her said husband, and granting to
her the administration of her private and individual property," &c.   No other part of the record
of said suit was before the court.   Held: that the judgment, as it reads, creates a strong pre-
sumption that it was a consent judgment—a voluntary separation of property which did not dis-
solve the community.   C. C. 2401, and besides, there being no publication, as required by Arts.
2402 and 2403 C. C., that the creditors of the husband were justified in making a seizure of property
apparently belonging to it.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.

    *L. Eyma*, for plaintiff and appellant.   *Wolfe & Singleton* and *Mix*, for
defendant.

MERRICK, C J.   The marriage settlement, produced in evidence by the plain-
tiff, renders it probable that the wife had, at the time of her marriage, a joint

interest in certain property, slaves and movables in Georgia, where the parties appear to have resided at the time of the marriage.

There is nothing, however, to show that this property was brought to Louisiana, or that the same has been disposed of by the husband to the prejudice of the right of his wife.

It may be true that, where creditors of the husband attack a judgment of separation, it is incumbent on them to allege and prove that they were creditors at the time of its rendition, and further, that it was obtained by collusion in order to defraud them of their recourse upon their husband's property. See *Morris* v. *Williams*, 6 An. 392, and *Brosac* v. *Ducross*, 4 Rob. 336. But this must be held to apply to a case where the judgment is ostensibly valid, and not to a case which does not appear to dissolve the community.

The judgment presented to us in this case is separated from the pleadings, and all we have in the record of the suit of separation is the judgment, which is in these words, viz:

"*Melanie De Mestre, wife of Charles Levistones,* v. *Her Husband.*

"In this case, the court considering the admission of the defendant, and the evidence on file, it is ordered, adjudged and decreed, that the plaintiff, *Melanie De Mestre,* wife of *Chas. Levistones,* have judgment against her said husband decreeing a separation of property between her and her said husband, and granting to her the administration of her private and individual property, and it is further ordered that the defendant pay the costs of this suit."

Now, it occurs to us that the plaintiff would have produced the whole record of her suit of separation, had it not been that her counsel thought it would be more unfavorable to her than the judgment alone. That judgment, as it reads, creates a strong presumption that it was a consent judgment—a voluntary separation of property, which did not dissolve the community. C. C. 2401. *Jones* v. *Morgan,* 6 An. 632.

In addition, there is no evidence of its publication or execution, as required by Article 2402 and 2403 of the Civil Code.

We are of the opinion that the judgment of separation produced does not appear in itself to have dissolved the community, and the creditors were justified in making a seizure of property apparently belonging to it.

Judgment affirmed.